Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Sean S. Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Eric E. Wall (Bar No. 248692)
ericwall@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
Vincent M. Pollmeier (Bar No. 210684)
vincentpollmeier@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S Figueroa Street 10th Floor
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Plaintiff ViaSat, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SPACE SYSTEMS/LORAL, LLC f/k/a SPACE SYSTEMS/LORAL, INC., <br><br> Defendant. | CASE NO. '13CV2074 AJB NLS <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

### Notice of Related Case

1. This action is related to the case entitled *ViaSat, Inc., et al. v. Space Systems/Loral, Inc., et al.*, No. 3:12-cv-00260-H-WVG (S.D. Cal.), pending before the Hon. Marilyn L. Huff.

# INTRODUCTION

2. This is an action brought by ViaSat, Inc. ("ViaSat") against Space Systems/Loral, LLC f/k/a Space Systems/Loral, Inc. ("SS/L") for SS/L's infringement of ViaSat's patents. Specifically, SS/L has and continues to knowingly and willfully directly and indirectly infringe U.S. Patent Nos. 8,213,929 ("the '929 Patent"); 8,254,832 ("the '832 Patent"); and 8,285,202 ("the '202 Patent") (collectively, "ViaSat's Patents" or the "Patents-in-Suit"), in blatant disregard of ViaSat's rights.

3. SS/L's infringement of ViaSat's Patents has irreparably harmed ViaSat. SS/L employs ViaSat's patented technology in supplying high-capacity broadband satellites to ViaSat's competitor, Hughes Network Systems, LLC ("Hughes"). ViaSat's patented technology was instrumental in enabling SS/L to design satellites that provide more than 100 Gigabits per second ("Gbps") of capacity. This increase in capacity was critical to SS/L's ability to market satellites that would satisfy consumers' growing appetite for more data-intensive Internet services, including video. SS/L's aggressive marketing of satellites incorporating ViaSat's patented technology have damaged ViaSat's satellite service business and obstructed ViaSat in its efforts to market and sell its own satellite designs incorporating the patented technology. Accordingly, ViaSat seeks full relief for SS/L's ongoing and willful infringement, including but not limited to an injunction prohibiting future acts of infringement, damages adequate to compensate ViaSat for SS/L's infringement, treble damages, and all fees and costs.

**COMPLAINT; DEMAND FOR JURY TRIAL**

## THE PARTIES

4. ViaSat, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6155 El Camino Real, Carlsbad, California 92009.

5. ViaSat is a world leader in innovative commercial and military satellite and digital communication technologies. ViaSat employs over 2,100 individuals and has annual revenues in excess of $1 billion. Space News has consistently ranked ViaSat as one of the Top 50 Space Companies in the world, and ViaSat has been repeatedly recognized by the TechAmerica Foundation, Popular Science, Guinness World Records, and others for the value and impact of its innovative high capacity satellite internet technologies.

6. On information and belief, Space Systems/Loral, LLC f/k/a Space Systems Loral, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3825 Fabian Way, Palo Alto, California 94303.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over ViaSat's claims for patent infringement pursuant to the Federal Patent Act, 35 U.S.C. § 101, *et seq.* and 28 U.S.C. §§ 1338(a), 2201, and 2202.

8. This Court has personal jurisdiction over SS/L for at least the following reasons: (i) SS/L has designated an agent for service of process in California; (ii) SS/L has committed acts of patent infringement in this State; (iii) SS/L is headquartered, regularly does business and solicits business, engages in other persistent courses of conduct, and derives substantial revenue from products and

services provided to individuals in this District and in this State; (iv) SS/L has purposefully established substantial, systematic, and continuous contacts with this District and expects, or should reasonably expect, to be haled into court here; and (v) SS/L is currently a defendant in a patent infringement action in this District and has not objected to jurisdiction.  Thus, this Court's exercise of jurisdiction over SS/L will not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because SS/L does business in this District, a substantial part of the events giving rise to this Complaint occurred in this District, and SS/L is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

10. ViaSat has been a leading provider of innovative satellite and wireless communications networks and equipment for commercial and government users for the past 25 years.  On January 16, 2012, ViaSat launched satellite broadband services using its ViaSat-1 satellite.  Not only did ViaSat's 100+ Gigabits per second ("Gbps") design greatly surpass the capacity of any single commercial satellite ever built, ViaSat-1 ultimately provided more data capacity at its launch than all 40+ existing commercial data satellites over North America combined (a substantial portion of which had been designed by SS/L).  ViaSat's design was equally groundbreaking in that it was highly cost-effective.  ViaSat-1 achieved a ratio of cost-to-capacity that was one tenth of any commercial satellite previously launched into orbit over North America.  In recognition of ViaSat's innovation in designing ViaSat-1, the TechAmerica Foundation awarded ViaSat the 2011 American Technology Award in the field of telecommunications.

-4-
COMPLAINT; DEMAND FOR JURY TRIAL

11. ViaSat filed multiple patent applications to protect its technological breakthroughs that enable the design of a high-capacity satellite. These patent applications describe, amongst other things, technologies relating to increased re-use of the gateway and user beam frequency spectrum by spatially separating user beams and gateway beams, non-interfering utilization of frequency spectrum usually allocated to non-geosynchronous orbit satellites to increase the capacity of the satellite, and the development and use of a capacity maximization tool in the design of satellites. Three of these applications issued as the following patents: United States Patent No. 8,254,832 ("the '832 patent"), entitled "Frequency re-use for service and gateway beams," which was duly issued on August 28, 2012; United States Patent No. 8,213,929 ("the '929 patent"), entitled "Non-Interfering Utilization of Non-Geostationary Satellite Frequency Band for Geostationary Satellite Communication," which was duly issued on July 3, 2012; and United States Patent No. 8,285,202 ("the '202 patent"), entitled "Capacity Maximization for a Unicast Spot Beam Satellite System," which was duly issued on October 9, 2012 (collectively, "the patents-in-suit").

12. On information and belief, SS/L became aware of the '832, '929, and '202 patents on the dates of their issuance or shortly thereafter. The U.S. Patent and Trademark Office published the applications that issued as the Patents-in-Suit on the following dates: November 26, 2009 ('832 patent); December 15, 2011 ('202 patent); February 9, 2012 ('929 patent). Further, SS/L is contractually obligated to be aware of ViaSat's intellectual property. For example, SS/L agreed "not to file for patents covering the Intellectual Property Rights owned by the other Party hereto."

-5-
COMPLAINT; DEMAND FOR JURY TRIAL

13. ViaSat awarded the contract to manufacture the ViaSat-1 satellite to SS/L, which agreed to keep ViaSat's proprietary information confidential. Nevertheless, SS/L knowingly utilized ViaSat intellectual property in order to win bids for other satellite manufacturing programs. For example, SS/L solicited and won a bid to manufacture a satellite for ViaSat's competitor, Hughes. The Jupiter satellite (also known as Echostar XVII) was launched on or about July 5, 2012 and is currently being operated by Hughes. On information and belief, after the launch of Jupiter, SS/L conducted in-orbit testing of the Jupiter satellite and continues to provide ongoing support.

14. Hughes' operation of the Jupiter satellite has allowed it to offer new broadband Internet services, which provide users with higher speed and greater capacity. In order to continue offering these higher speed services, Hughes has ordered a new satellite from SS/L. SS/L has continued to infringe ViaSat's intellectual property by contracting to provide this new satellite to Hughes. On or around March 21, 2013, SS/L announced that it would build a follow-on satellite to Jupiter for Hughes, to be known as "Jupiter 2" or "EchoStar XIX." Hughes has announced that Jupiter 2 will have a capacity of over 150 Gbps. SS/L also used ViaSat's intellectual property in designing two satellites which it manufactured for NBN Co.

15. SS/L continues to actively seek additional satellite contracts, including contracts for broadband satellites. SS/L has recently announced a number of new projects including the following:

- On or around June 11, 2013, SS/L announced that it would build a satellite for SKY Perfect JSAT, to be known as "JCSAT-14."

- On or around July 23, 2013, SS/L announced that it would build a satellite for Intelsat, to be known as "Intelsat 34."

- On or around July 30, 2013, SS/L announced that it would build a satellite for Eutelsat, to be known as "Eutelsat 65 West A."

- On or around August 15, 2013, SS/L announced that it would build a satellite for Embratel to be known as "Star One D1."

16. SS/L continues to make, use, sell, and offer for sale additional, similar satellites that make use of technologies that infringe the patents-in-suit to others, including ViaSat's competitor Hughes. Unless enjoined, SS/L will continue to infringe and actively induce and encourage infringement of the Patents-in-Suit. The Patents-in-Suit have been, are currently, and will continue to be infringed by at least SS/L and its customers.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,213,929)

17. ViaSat incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. The '929 Patent, entitled "Non-Interfering Utilization of Non-Geostationary Satellite Frequency Band for Geostationary Satellite Communication," was duly and lawfully issued on July 3, 2012. A true and correct copy of the '929 Patent is attached to this Complaint as Exhibit A.

19. ViaSat is the owner of all rights, title, and interest in the '929 Patent, including the right to bring this suit for injunctive relief and damages.

20. On information and belief, SS/L has and, unless enjoined, will continue to directly infringe one or more claims of the '929 Patent by making, using, offering to sell, and selling within the United States and/or importing into the United States

satellite systems or other devices that embody and/or practice one or more claims of the '929 Patent.

21. On information and belief, SS/L's infringement is literal or, in the alternative, infringement under the doctrine of equivalents.

22. On information and belief, SS/L has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '929 Patent. The '929 Patent has been, is currently, and will continue to be infringed by SS/L's customers, including Hughes, using the satellites manufactured by SS/L, including the Jupiter satellite. On information and belief, SS/L actively encouraged and encourages users of its satellites, including Hughes, to infringe the '929 Patent by providing satellites specifically designed and configured to perform infringing functions as part of their use in a satellite system. Further, on information and belief, SS/L provided and provides on-orbit testing, training, technical assistance and instruction, ongoing support, and other services to its high-capacity satellite customers, including Hughes, to intentionally aid, assist, enable, and encourage infringement. On information and belief, SS/L and its counsel were aware of the '929 Patent upon issuance and no later than the filing of this Complaint. SS/L therefore induced and encouraged the infringement of the '929 Patent with specific intent or at a minimum willfully blind to the known risk of such infringement.

23. SS/L's infringing activities have caused and will continue to cause ViaSat irreparable harm, for which it has no adequate remedy at law, unless SS/L's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

24. ViaSat has been and continues to be damaged by SS/L's infringement of the '929 Patent in an amount to be determined at trial.

25.     On information and belief, SS/L's infringement of the '929 Patent was and is willful and deliberate because SS/L knew or should have known of the '929 Patent and that its acts described above would infringe the '929 Patent, but acted despite an objectively high likelihood that such acts would infringe the patent.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,254,832)

26.     ViaSat incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27.     The '832 Patent, entitled "Frequency Re-Use For Service And Gateway Beams," was duly and lawfully issued on August 28, 2012.  A true and correct copy of the '832 Patent is attached to this Complaint as Exhibit B.

28.     ViaSat is the owner of all rights, title, and interest in the '832 Patent, including the right to bring this suit for injunctive relief and damages.

29.     On information and belief, SS/L has and, unless enjoined, will continue to directly infringe one or more claims of the '832 Patent by making, using, offering to sell, and selling within the United States and/or importing into the United States satellite systems or other devices that embody and/or practice one or more claims of the '832 Patent.

30.     On information and belief, SS/L's infringement is literal or, in the alternative, infringement under the doctrine of equivalents.

31.     On information and belief, SS/L has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '832 Patent.  The '832 Patent has been, is currently, and will continue to be infringed by SS/L's customers, including Hughes, using the satellites manufactured by SS/L,

-9-

including the Jupiter satellite. On information and belief, SS/L actively encouraged and encourages users of its satellites, including Hughes, to infringe the '832 Patent by providing satellites specifically designed and configured to perform infringing functions as part of their use in a satellite system. Further, on information and belief, SS/L provided and provides on-orbit testing, training, technical assistance and instruction, ongoing support, and other services to its high-capacity satellite customers, including Hughes, to intentionally aid, assist, enable, and encourage infringement. On information and belief, SS/L and its counsel were aware of the '832 Patent upon issuance and no later than the filing of this complaint. SS/L therefore induced and encouraged the infringement of the '832 Patent with specific intent or at a minimum willfully blind to the known risk of such infringement.

32.  SS/L's infringing activities have caused and will continue to cause ViaSat irreparable harm, for which it has no adequate remedy at law, unless SS/L's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

33.  ViaSat has been and continues to be damaged by SS/L's infringement of the '832 Patent in an amount to be determined at trial.

34.  On information and belief, SS/L's infringement of the '832 Patent was and is willful and deliberate because SS/L knew or should have known of the '832 Patent and that its acts described above would infringe the '832 Patent, but acted despite an objectively high likelihood that such acts would infringe the patent.

### THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 8,285,202)

35.  ViaSat incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. The '202 Patent, entitled "Capacity Maximization For A Unicast Spot Beam Satellite System," was duly and lawfully issued on October 9, 2012. A true and correct copy of the '202 Patent is attached to this Complaint as Exhibit C.

37. ViaSat is the owner of all rights, title, and interest in the '202 Patent, including the right to bring this suit for injunctive relief and damages.

38. On information and belief, SS/L has and, unless enjoined, will continue to directly infringe one or more claims of the '202 Patent by making, using, offering to sell, and selling within the United States and/or importing into the United States satellite systems or other devices that embody and/or practice one or more claims of the '202 Patent.

39. On information and belief, SS/L's infringement is literal or, in the alternative, infringement under the doctrine of equivalents.

40. On information and belief, SS/L has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '202 Patent. The '202 Patent has been, is currently, and will continue to be infringed by SS/L's customers, including Hughes, using the satellites manufactured by SS/L, including the Jupiter satellite. On information and belief, SS/L actively encouraged and encourages users of its satellites, including Hughes, to infringe the '202 Patent by providing satellites specifically designed and configured to perform infringing functions as part of their use in a satellite system. Further, on information and belief, SS/L provided and provides on-orbit testing, training, technical assistance and instruction, ongoing support, and other services to its high-capacity satellite customers, including Hughes, to intentionally aid, assist, enable, and encourage infringement. On information and belief, SS/L and its counsel were aware of

the '202 Patent upon issuance and no later than the filing of this complaint. SS/L therefore induced and encouraged the infringement of the '202 Patent with specific intent or at a minimum willfully blind to the known risk of such infringement.

41. SS/L's infringing activities have caused and will continue to cause ViaSat irreparable harm, for which it has no adequate remedy at law, unless SS/L's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

42. ViaSat has been and continues to be damaged by SS/L's infringement of the '202 Patent in an amount to be determined at trial.

43. On information and belief, SS/L's infringement of the '202 Patent was and is willful and deliberate because SS/L knew or should have known of the '202 Patent and that its acts described above would infringe the '202 Patent, but acted despite an objectively high likelihood that such acts would infringe the patent.

## **REQUEST FOR RELIEF**

WHEREFORE, ViaSat respectfully request that:

A. Judgment be entered that SS/L has infringed one or more claims of each of the Patents-in-Suit;

B. Judgment be entered permanently enjoining SS/L, its directors, officers, agents, servants, and employees, and those acting in privity or in concert with them, and its subsidiaries, divisions, successors and assigns, from further acts of infringement of the Patents-in-Suit;

C. Judgment be entered awarding ViaSat all damages adequate to compensate it for SS/L's infringement of the Patents-in-Suit, including trebling of all damages awarded with respect to infringement of the '929, '832, '202 Patents,

and all pre-judgment and post-judgment interest on all damages awarded for infringement of the Patents-in-Suit at the maximum rate permitted by law;

    D.    Judgment be entered that this is an exceptional case and awarding ViaSat's attorneys' fees and costs;

    E.    Judgment be entered awarding all other relief as the Court deems proper.

DATED: September 5, 2013    Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Sean S. Pak*
    Sean S. Pak

Attorneys for Plaintiff ViaSat, Inc.

**COMPLAINT; DEMAND FOR JURY TRIAL**

# DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff ViaSat, Inc. demands a trial by jury on all issues triable by jury.

DATED: September 5, 2013        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Sean S. Pak*
   Sean S. Pak

Attorneys for Plaintiff ViaSat, Inc.